UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HECTOR TORRES,<br>       *Plaintiff*,<br><br>       v.<br><br>WARDEN JENNIFER REIS, et al.<br>       *Defendants*. | No. 3:22-cv-1008 (VAB) |

**INITIAL REVIEW ORDER**

Hector Torres ("Plaintiff"), a *pro se* sentenced prisoner[1] in the custody of the Connecticut Department of Correction ("DOC") brings this Complaint under 42 U.S.C. § 1983. Compl., ECF No. 1.[2] He names as defendants: Cheshire Warden Jennifer Reis, Commissioner Angel Quiros, APRN Broadley, Medical Supervisor Vince,[3] Health Services Program Director Colleen Gallagher, Regional Chief Operating Officer ("RCOO") Kirshen Shea, URC Coordinator Jake, RN Jane Ventrella, Kitchen Supervisor LaCuone, Head Nurse Debra Cruz, Administrative Remedies Coordinator ("ARC") Streat, and APRN Sandra Charles (collectively "Defendants"). Plaintiff has sued Defendants in their individual and official capacities.

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). The Connecticut DOC website reflects that Mr. Torres is a sentenced inmate housed at Cheshire Correctional Institution ("Cheshire"). http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=316090.

[2] Mr. Torres is not proceeding *in forma pauperis* and paid the filing fee on February 7, 2022.

[3] In the case caption, Mr. Torres also includes a Medical Supervisor Rivera. It is not clear whether this Defendant is actually Medical Supervisor Vince. But as Mr. Torres has not alleged any facts about Medical Supervisor Rivera, the Court dismisses Medical Supervisor Rivera from this action to the extent Medical Supervisor Rivera is an individual separate from Medical Supervisor Vince. *See Reese v. Lightner*, No. 3:18CV1922 (KAD), 2019 WL 2176342, at *4 (D. Conn. May 20, 2019) (dismissing official and individual capacity claims where plaintiff failed to allege facts regarding the acts or omissions of defendants); *see also* 28 U.S.C. § 1915A(b)(1).

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. §1915A.

For the following reasons, the Complaint is **DISMISSED in part**.

The following claims may proceed:

1. The Eighth Amendment deliberate indifference claims against APRN Broadly, Medical Supervisor Vince, Health Services Program Director Gallagher, RCOO Shea, and Head Nurse Cruz in their individual and official capacities; and

2. The First Amendment retaliation claims against Nurse Cruz, APRN Broadley, and ARCs Cooper and Shelton in their individual capacities.

Defendants Rivera, Reis, Quiros, Jake, LaCuone, Ventrella, Streat, and Charles shall be **DISMISSED** without prejudice.

I.   FACTUAL BACKGROUND[4]

After he experienced severe stomach pain on April 19, 2017, Mr. Torres allegedly had x-rays taken and received a liquid that caused him to feel dizzy and experience more stomach pain.

---

[4] While not undertaking an exhaustive discussion of all of the issues raised in Mr. Torres's Complaint, the Court summarizes the issues as necessary for the purpose of addressing them in this Order

Thereafter, Mr. Torres allegedly wrote numerous requests for follow-up care with a doctor. In January 2019, Mr. Torres allegedly finally received notice that he had a doctor visit scheduled.

In August 2020, RCOO Shea allegedly looked into Mr. Torres's complaint about not receiving treatment for his stomach pain and allegedly found no documentation of his prior complaints.

On November 2020, Mr. Torres allegedly had an x-ray that returned a normal result except for a moderate amount of stood in his colon. In January 2021, his condition allegedly had not improved. Thereafter, Mr. Torres allegedly wrote to his medical provider, APRN Broadley, and to Medical Supervisor Vince about his need for medical treatment for his stomach. He was advised to sign up for Prompt Care.

In April 2021, Defendant Cruz allegedly referred Mr. Torres to be seen by a gastroenterologist. On April 30, 2021, Mr. Torres's CT scan results signed by APRN Broadley allegedly indicated that he had a moderate stool without any significant abnormalities in his colon, as well as a small gallstone and a blood blister on his liver, neither of which required any further intervention.

In May 2021, Mr. Torres allegedly wrote to RCOO Shea to complain that he had been seen by a nurse and doctor and prescribed medication for his constipation problem without success; that the process to see a doctor was delayed; and that he has not received treatment for his diagnosed gallstone and blood blister. He also allegedly wrote Medical Supervisor Vince, Commissioner Quiros, and Health Services Program Director Gallagher about his inadequate medical treatment, and he filed a medical grievance about the failure to provide him with medical treatment.

Mr. Torres allegedly wrote to Kitchen Supervisor LaCuone as instructed by Defendant Broadley to request a special diet. Defendant LaCuone allegedly informed him that medical staff notification was required for Mr. Torres to be placed on a special diet. Mr. Torres allegedly later asked RCOO Shea to assist him with getting placed on a special diet.

On February 17, 2022, Mr. Torres allegedly experienced excruciating pain while he was using the bathroom. Mr. Torres allegedly was thereafter sent to the medical unit and then "rushed" to UCONN Medical Center. Mr. Torres was examined and then sent back to Cheshire.

Thereafter, Mr. Torres allegedly wrote letters to Commissioner Quiros to explain his problems with the Cheshire medical unit; Medical Supervisor Vince to ask why there was a delay with his UCONN appointment and state that he had gone to the hospital emergency room; Defendant Jake, who was responsible for scheduling appointments; APRN Broadley to let her know his medication was causing him side effects; and Defendant Gallagher to let her know that he was in pain. He also allegedly wrote a medical grievance complaining about the delay for his appointment with a specialist.

In March 2022, Mr. Torres allegedly received memos from RCOO Shea and Gallagher stating that he had an upcoming outpatient specialist appointment. As of the filing date of this Complaint, Mr. Torres allegedly had yet to be seen by a specialist.

Mr. Torres allegedly filed numerous grievances requesting medical care. He claims that his grievances were returned without disposition or not processed for retaliatory reasons.

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which

4

relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based, and to demonstrate a plausible right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

### III.  DISCUSSION

To "hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020). Mr. Torres brings claims of Eighth Amendment deliberate indifference and First Amendment retaliation. The Court will address each claim in turn.

#### A.  The Eighth Amendment Claim

Mr. Torres asserts deliberate indifference to his medical needs and safety arising from his failure to receive medical attention against Defendants Vince, Warden Reis, Commissioner Quiros, Jake, Shea, Gallagher, Cruz, Streat, Broadley, Gallagher, Ventrella, and Charles. The Court also considers whether Mr. Torres has alleged a plausible Eighth Amendment claim

5

against Kitchen Supervisor LaCuone. Mr. Torres's allegations suggest that he has suffered from inadequate treatment from DOC medical providers, a delay for his appointment with a specialist to assess his medical needs, and a failure to provide him with authorization for a special diet necessary for his medical conditions.

For a claim of deliberate indifference to his medical needs, Mr. Torres must allege facts showing both that his medical need was serious and that Defendants acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 183–84 (2d Cir. 2003). A "sufficiently serious" deprivation can exist if the plaintiff suffers from an urgent medical condition that is capable of causing death, degeneration, or extreme or chronic pain. *See Brock v. Wright*, 315 F.3d 158, 162–63 (2d Cir. 2003). Subjectively, the defendant must have been "subjectively reckless" when he or she denied medical care. *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013).

An inmate seeking to establish an Eighth Amendment violation for deliberate indifference to safety must prove (1) that he is incarcerated under conditions posing a substantial risk of serious harm, and (2) "that the prison official had a sufficiently culpable state of mind, which in prison-conditions cases is one of deliberate indifference to inmate health or safety." *Morgan v. Dzurenda*, 956 F.3d 84, 89 (2d Cir. 2020) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Thus, a prisoner must allege facts to suggest that the defendants acted not merely carelessly or negligently, but with a subjectively reckless state of mind akin to criminal recklessness. *Dunbar v. Dep't of Corr.*, No. 3:22-cv-627 (JAM), 2023 WL 143164, at *5 (D. Conn. Jan. 10, 2023).

Where a prisoner receives some care, but allegedly inadequate care or a delay in the care, the court's must examine both the prisoner's medical conditions and the harm caused by the offending conduct. *Lombardo v. Graham*, 807 F. App'x 120, 123 (2d Cir. 2020) (stating that courts examine both the seriousness of the prisoner's medical conditions and the harm caused by any unreasonable delay); *Sanders v. Laplante*, No. 3:19-cv-01151 (CSH), 2019 WL 5538118, at *3 (D. Conn. Oct. 25, 2019) (noting that the court should examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner).

For purposes of initial review, Mr. Torres has satisfied the objective element. Mr. Torres has also sufficiently alleged facts suggesting that APRN Broadley, Medical Supervisor Vince, Health Services Program Director Gallagher, RCOO Shea, and Head Nurse Cruz acted with a conscious disregard to his need for adequate medical care, a timely outside specialist appointment, and a special diet for his serious medical conditions arising from his gastrointestinal issues and gallbladder diagnosis.

Accordingly, the Court will permit Mr. Torres to proceed on his Eighth Amendment claims against APRN Broadley, Medical Supervisor Vince, Health Services Program Director Gallagher, RCOO Shea, and Head Nurse Cruz.

### 1. URC Coordinator Jake and ARC Streat

The Court must dismiss Mr. Torres' Eighth Amendment claims against Defendants URC Coordinator Jake and ARC Streat because his allegations do not suggest that either of them had the ability, but nevertheless failed, to provide him with the any treatment, special diet or appointments that Mr. Torres required for his medical conditions. S*ee Warwick v. Doe*, 2020 WL 2768804, at *5 (D. Conn. May 27, 2020) (explaining that absent facts suggesting that the

defendant actually had and failed to exercise the power to get plaintiff in to see a dental surgeon sooner, plaintiff's allegations amounted to, at most, negligence).

Accordingly, the Court will dismiss Mr. Torres's Eighth Amendment claims against Defendants Jake and Streat as not plausible. 28 U.S.C. § 1915A(b)(1).

### 2. Nurse Ventrella and APRN Church

Mr. Torres does not allege facts suggesting that either Defendants Ventrella or Charles were involved with a medical deprivation or delay that posed a substantial risk of harm to his health. He alleges only that Nurse Ventrella responded to his inmate request in July 2017 to inform him that he was on the list to see the doctor, and that APRN Church explained his medical results (although she expressed her annoyance with the volume of his grievance filings). These alleged facts fail to reflect that either defendant acted with a conscious disregard to his serious medical needs.

Accordingly, Mr. Torres's Eighth Amendment medical indifference claims against Defendants Ventrella and Charles are dismissed as not plausible. 28 U.S.C. § 1915A(b)(1).

### 3. Kitchen Supervisor LaCuone

Mr. Torres claims that he was not placed on the special diet that he required for his gastrointestinal issues. He alleges that Kitchen Supervisor LaCuone stated that he needed a medical authorization to provide Mr. Torres with the special diet. Thus, Mr. Torres's allegations do not suggest that Defendant LaCuone acted with a conscious disregard to his serious medical needs.

Accordingly, the claim against Defendant LaCuone will be dismissed as not plausible. 28 U.S.C. § 1915A(b)(1).

### 4. Warden Reis and Commissioner Quiros

Warden Reis and Commissioner Quiros are supervisory officials. The Second Circuit has established that a plaintiff must plead that supervisory defendants "violated the Eighth Amendment by [their] own conduct, not by reason of [their] supervision of others who committed the violation." *Tangreti*, 983 F.3d at 619. Thus, Mr. Torres must allege facts showing that Warden Reis and Commissioner Quiros were personally aware of, and deliberately disregarded, a substantial risk to Mr. Torres's health or safety. *See id.* at 618.

"A supervisor's mere knowledge . . . is not sufficient because that knowledge does not amount[] to the supervisor's violating the Constitution." *Id.* at 616–17 (internal quotation omitted). Mr. Torres alleges that he sent Warden Reis and Commissioner Quiros letters about his problems with medical care. But merely sending a letter to a supervisor, even if the letter was received, is insufficient to demonstrate personal involvement. *Matthews v. Ashraf*, No. 3:22-CV-821 (JAM), 2022 WL 5187402, at *4 (D. Conn. Oct. 5, 2022). Mr. Torres's allegations fail to suggest that either Warden Reis or Commissioner Quiros acted with conscious disregard to his risk of harm.

Accordingly, the Court will dismiss Mr. Torres's Eighth Amendment claims against them as not plausible. 28 U.S.C. § 1915A(b)(1).

### B.   First Amendment Retaliation

To prevail on a First Amendment retaliation claim, a plaintiff must show "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Brandon v. Kinter*, 938 F.3d 21, 40 (2d Cir. 2019). The Second Circuit has "instructed

district courts to approach prisoner retaliation claims with skepticism and particular care, because virtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (citation omitted). Consequently, the Second Circuit has required that prisoner retaliation claims "be supported by specific and detailed factual allegations, not stated in wholly conclusory terms." *Id.*

Mr. Torres alleges that Warden Reis, Commissioner Quiros, Nurse Cruz, APRN Broadley, and ARCs Cooper and Shelton[5] retaliated against him due his grievance about medical staff. Mr. Torres has satisfied the first element because protected speech or activity includes "filing a lawsuit, an administrative complaint, or a prison grievance." *Stewart v. Ayala*, No. 3:20-CV-1938 (CSH), 2022 WL 4356467, at *8 (D. Conn. Sept. 20, 2022). With respect to the second element, Mr. Torres claims that these Defendants failed to protect him, which the Court construes as asserting that Defendants failed to provide him with adequate or timely medical treatment due to a retaliatory animus.

For purposes of initial review, the Court will permit Mr. Torres to proceed on his First Amendment retaliation claims against Nurse Cruz, APRN Broadley, and ARCs Cooper and Shelton, who plausibly were aware of his grievance against medical staff. This claim may

---

[5] Mr. Torres has not listed ARCs Cooper or Shelton as Defendants in either his case caption or list of Defendants. Because it is clear that he wishes to proceed on a First Amendment claim against them, the Court will consider them as defendants for purposes of initial review. *See Smith v. Perez*, No. 3:19-CV-1758 (VAB), 2020 WL 2307643, at *3 n.3 (D. Conn. May 8, 2020).

proceed against these Defendants in their individual capacities for further development of the record.

As to his claims against Defendants Warden Reis and Commissioner Quiros, Mr. Torres alleges his claims of retaliatory conduct by in "wholly conclusory terms." *Connolly*, 794 F.3d at 295.

Accordingly, the Court will dismiss his First Amendment retaliation claims against Defendants Warden Reis and Commissioner Quiros as not plausible. 28 U.S.C. § 1915A(b)(1).

### C. Official Capacity Claims

Mr. Torres has not specified his requests for injunctive or declaratory relief. To the extent Mr. Torres seeks money damages against Defendants, who are state employees, in their official capacities, such claims are dismissed as barred by the Eleventh Amendment. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

He may, however, proceed for injunctive or declaratory relief against a defendant in his or her official capacity to the extent he alleges an ongoing constitutional violation. *See Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254–55 (2011) (citing *Ex parte Young*, 209 U.S. 123 (1908)). As Mr. Torres' Complaint alleges that he is subject to ongoing Eighth Amendment medical indifference, the Court will permit him to proceed against APRN Broadley, Medical Supervisor Vince, Health Services Program Director Gallagher, RCOO Shea, and Head Nurse Cruz in their official capacities.

### III. CONCLUSION

For the reasons described above, the Complaint is **DISMISSED in part**.

The following claims may proceed:

1. The Eighth Amendment deliberate indifference claims against APRN Broadly, Medical Supervisor Vince, Health Services Program Director Gallagher, RCOO Shea, and Head Nurse Cruz in their individual and official capacities; and

2. The First Amendment retaliation claims against Nurse Cruz, APRN Broadley, and ARCs Cooper and Shelton in their individual capacities.

The Court **DISMISSES** Defendants Rivera, Reis, Quiros, Jake, LaCuone, Ventrella, Streat, and Charles and all other claims from this action without prejudice.

The Clerk of Court is instructed to add Defendants ARC Cooper and ARC Shelton to the list of Defendants on the docket.

Mr. Torres has two options as to how to proceed in response to this Initial Review Order:

**(1)** If Mr. Torres wishes to proceed on his Eighth Amendment claims against APRN Broadley, Medical Supervisor Vince, Health Services Program Director Gallagher, RCOO Shea, and Head Nurse Cruz in their individual and official capacities and on his First Amendment retaliation claims against Nurse Cruz, APRN Broadley, and ARCs Cooper and Shelton in their individual capacities as set forth by this Initial Review Order, he may do so without further delay. If he selects this option, Mr. Torres shall file a notice on the docket by **May 19, 2023**. After the Court receives notice that Mr. Torres wishes to proceed on his claims as identified in this Initial Review Order, the Court will send Mr. Torres the instruction so that he may effect service on these Defendants.

**(2)** Alternatively, if Mr. Torres wishes to attempt to replead any of the claims asserted in his Complaint that have been dismissed, in order to attempt to state a viable claim, he may file an Amended Complaint by **May 19, 2023**. An Amended Complaint, if filed, will

completely replace the original Complaint, and the Court will not consider any allegations made in the original Complaint in its evaluation of the Amended Complaint. The Court will review any Amended Complaint after filing to determine whether it may proceed to service on any Defendants named therein. If Mr. Torres elects to file an Amended Complaint, the original Complaint addressed by this Initial Review Order will not proceed to service of process on any defendant.

If the Court receives no response from Mr. Torres by **May 19, 2023**, the Court will presume that Mr. Torres wishes to proceed on his original Complaint as to the claims permitted to proceed in this Initial Review Order, and he will have to show good cause if he seeks to amend the Complaint in any manner in the future.

**Changes of Address.** If Mr. Torres changes his address at any time during the litigation of this case, Local Rule 83.1(c) 2 provides that he **MUST** notify the Court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Mr. Torres should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If he has more than one pending case, Mr. Torres should indicate all the case numbers in the notification of change of address. Mr. Torres should also notify Defendants or counsel for Defendants of his new address.

**SO ORDERED** at Bridgeport, Connecticut, this 7th day of April, 2023.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE